CANE v. LIEBERMAN et al.

(Supreme Court, Appellate Term. April 10, 1907.)

**1. APPEAL—QUESTIONS REVIEWABLE—EVIDENCE.**

In the absence of a statement that the case contains all the evidence given on the trial, questions of fact cannot be reviewed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2916, 2917.]

**2. PLEADING—ISSUES—EVIDENCE ADMISSIBLE.**

Plaintiff, the assignee of a claim to a certain fund, alleged that a prior assignment of the same fund to defendant was without consideration, and was executed with intent to defraud plaintiff. Defendant produced a paper containing items of payment claimed to have been made by him to the assignor as a consideration for the assignment, aggregating considerably less than the amount of the claim and less than defendant testified he agreed to pay for the assignment. When plaintiff was cross-examining defendant, questions as to the latter's method of bookkeeping were excluded; the court saying that there was no plea that the transfer to defendant was improper in any way. Held, that the validity of the transfer having been put in issue by the pleadings, the ruling was error.

Appeal from City Court of New York.

Action by Alfred Cane against Jere Lieberman, interpleaded, etc. Judgment for defendant Lieberman, and plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Tobias A. Keppler, for appellant.

John G. Ritter (Simon Sultan, of counsel), for respondent.

GILDERSLEEVE, P. J. One Rothenberg had an admitted claim against the Northwestern Realty Company, and assigned the same to one Majud, who in turn assigned to one Fischer, and he assigned to the plaintiff herein. Suit was brought by the plaintiff against said company. The defendant herein, claiming that Rothenberg had assigned the claim to him prior to the assignment to Majud, was interpleaded, and, the company having paid the money into court, the case proceeded to trial before the court without a jury; the defendant recovering a judgment, from which the plaintiff appeals.

The claim of the plaintiff was that the assignment by Rothenberg to Lieberman was without consideration and was executed by collusion between defendant and Rothenberg, and with the intent to cheat and defraud the plaintiff and his assignors. In the absence of a statement that the case contains all the evidence given upon the trial, questions of fact cannot be reviewed upon appeal. Bevins & Rogers, App. Term Prac. 99, and cases cited there. Many and glaring errors, however, exist and are pointed out in the appellant's brief. Reference to one or two only need be made here as being sufficient to warrant a reversal of the judgment and the ordering of a new trial. One Glasser was sworn as a witness for defendant. After having been examined in chief, he was asked several questions on cross-examination, and before such examination was concluded the court adjourned on June 11th until the following morning. Upon resuming the trial on June 12th the plaintiff asked for the production of the witness to enable the examination to be concluded. This the court refused to permit, asserting that the cross-examination of the witness had been concluded the day before, and ruled, over the plaintiff's exception, that the witness could not be further examined. The right of cross-examination is a very valuable one, and the courts ought not to curtail it, unless there is shown an evident intent to abuse the privilege. The testimony of Rothenberg, from whom the plaintiff's assignors and the defendant claimed to have derived title to the fund in question, was to the effect that he (Rothenberg) had assigned the claim to Majud to enable him (Majud) to get it cashed from a cousin of Majud, and that Majud did not obtain the money and pay it to Rothenberg, but told Rothenberg he had lost the assignment. The witness Glasser testified that he heard a conversation between Majud and Rothenberg, in which Rothenberg asked Majud for some paper, and that Majud replied that he had lost it; and the cross-examination of Glasser was directed towards showing the close relations existing between Rothenberg and the witness, his credibility, and the inherent improbability of his story and it was of much importance to the plaintiff that the cross-examination should have been allowed to proceed.

When the plaintiff's counsel was cross-examining Lieberman, the defendant, questions intending to show his methods of keeping his office books was excluded; the court saying: "There is no plea that this transfer to the defendant was improper in any way." Lieberman had produced a paper, containing from 75 to 100 items of payments claimed to have been made by him to Rothenberg as a consideration for the assigned claim. These payments varied in amounts from 50 cents to $100, many without dates, and aggregating considerably less than the amount of Rothenberg's claim, and less than Lieberman testified he had agreed to pay therefor. Lieberman had also testified that he had a regular system of bookkeeping in his office, and the plaintiff's cross-examination was intended to show the inconsistency of Lieberman's testimony, and was a direct attack upon the transfer and its consideration. The remark and ruling of the court was error, as the validity of the transfer of the claim from Rothenberg to Lieberman was put in issue by the pleadings.

In the interests of justice, as well as for errors of law committed, there must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.